IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02559-BNB

TODD B. SHARON,

     Plaintiff,

v.

[NO DEFENDANTS NAMED],

     Defendants.

---

## ORDER OF DISMISSAL

---

     Plaintiff, Todd B. Sharon, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado.  Mr. Sharon initiated this action by filing *pro se* a notice of intent to sue (ECF No. 1) and a letter to the Court (ECF No. 3) complaining about the conditions of his confinement.  On September 27, 2012, Magistrate Judge Boyd N. Boland entered an order directing Mr. Sharon to cure certain deficiencies if he wished to pursue his claims.  Specifically, Magistrate Judge Boland ordered Mr. Sharon to file a Prisoner Complaint on the proper form and either to pay the $350.00 filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement in support of the 28 U.S.C. § 1915 motion.  Mr. Sharon was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

     On October 9, 2012, Mr. Sharon filed a Prisoner's Motion and Affidavit for Leave

to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 5).  On October 26, 2012, Mr.

Sharon filed a Motion and Request to Stay Proceedings (ECF No. 6) asking the Court to

stay the proceedings for ninety days while he exhausts administrative remedies.  Mr.

Sharon alleges "that a stay is necessary so that the Defendants[] will not move for a

dismissal of this action based on administrative remedies not being fully exhausted."

(ECF No. 6 at 2-3.)

Mr. Sharon has failed to cure all of the deficiencies within the time allowed

because he has failed to file a Prisoner Complaint.  Therefore, the action will be

dismissed without prejudice for failure to cure the deficiencies.  The Court also notes

that the action is subject to dismissal for failure to exhaust administrative remedies

because Mr. Sharon concedes that he has failed to exhaust administrative remedies.

Even if Mr. Sharon had cured all of the deficiencies, the Court would not hold the action

in abeyance while he exhausts administrative remedies because a prisoner must

exhaust administrative remedies prior to filing an action.  *See* 42 U.S.C. § 1997e(a).

Therefore, the Motion and Request to Stay Proceedings (ECF No. 6) will be denied.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Sharon failed to cure all of the deficiencies as directed.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 5) is DENIED as moot and the Motion and Request to Stay Proceedings (ECF No. 6) is DENIED.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   31st   day of    October        , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

3